**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Emily A. Horne (State Bar No. 347723)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
        ehorne@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALIAH MIRMALEK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES TIMES COMMUNICATIONS LLC,<br><br>Defendant. | Case No. 3:24-cv-01797-CRB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND**<br><br>Date:  May 31, 2024<br>Time:  10:00 a.m.<br>Courtroom: 6 (by Zoom)<br>Judge:  Hon. Charles R. Breyer |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(B), and 1447(c), Plaintiff Taliah Mirmalek hereby moves before the Honorable Charles R. Breyer on May 31, 2024, at 10:00 a.m., or as soon thereafter as the parties may be heard, for an Order remanding this matter to the Superior Court of the State of California, County of Alameda, from the United States Court for the Northern District of California.

This Motion is based on the following documents: (1) this Notice of Motion; (2) the accompanying Memorandum of Law, filed on April 18, 2024; and (3) any oral arguments to be made at the hearing on this Motion; and all the other papers, documents, or exhibits on file or to be filed in this action.

Dated: April 18, 2024

Respectfully submitted,

**BURSOR & FISHER, P.A**.

By: _/s/ L. Timothy Fisher_
L. Timothy Fisher

L. Timothy Fisher (Bar No. 191626)
Emily A. Horne (State Bar No. 347723)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
ehorne@bursor.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

PAGE(S)

INTRODUCTION ..........................................................................................................................1

LEGAL STANDARD ....................................................................................................................2

ARGUMENT .................................................................................................................................3

I.      The Court Must Remand This Action Pursuant To The Mandatory Home
        State Exception (28 U.S.C. § 1332(d)(4)(B)) ...............................................................3

II.     The Court Should Exercise Its Discretion To Remand This Action Pursuant
        To The Discretionary Home State Exception (28 U.S.C. § 1332(d)(3)) ..............................5

        A.      The Citizenship Requirements Are Satisfied .................................................6

        B.      The Six Factors Under § 1332(d)(3) Support Remand .............................................7

CONCLUSION ..............................................................................................................................9

**TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*Adams v. West Marine Prods., Inc.*,
   958 F.3d 1216 (9th Cir. 2020) ............................................................................... passim

*Campbell v. Dean Martin Dr—Las Vegas, LLC*,
   2015 WL 9294518 (D. Nev. Dec. 21, 2015) ................................................................ 7

*Chaisson v. University of Southern California*,
   2023 WL 5747329 (C.D. Cal. Sept. 6, 2023) ........................................................... 7, 8

*Ehrman v. Cox Comms., Inc.*,
   932 F.3d 1223 (9th Cir. 2019) ................................................................................... 2

*Freeman v. Blue Ridge Paper Prods., Inc.*,
   551 F.3d 405 (6th Cir. 2008) ..................................................................................... 8

*In re Fred Hutchinson Data Sec. Litig.*,
   2024 WL 1240681 (W.D. Wash. March 22, 2024) ....................................................... 7

*In re Scripps Health Data Sec. Breach Litig.*,
   581 F. Supp. 3d 1225 (S.D. Cal. 2022) .................................................................... 1, 3

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ..................................................................................... 3

*King v. Great Am. Chicken Corp, Inc.*,
   903 F.3d 875 (9th Cir. 2018) ................................................................................... 2, 5

*Mattingly v. Equal Energy*,
   2011 WL 3320822 (N.D. Okla. Aug. 1, 2011) ............................................................. 8

*Mondragon v. Capital One Auto Fin.*,
   736 F.3d 880) (9th Cir. 2013) ..................................................................................... 3

*Mora v. Block, Inc.*,
   2024 WL 1311289 (C.D. Cal. March 27, 2024) ........................................................... 6

*Speed v. JMA Energy Co., LLC*,
   872 F.3d 1122 (10th Cir. 2017) .................................................................................. 6

*Weider v. Verizon New York Inc.*,
   2015 WL 3474102 (E.D.N.Y. June 2, 2015) ............................................................... 7

**STATUTES**

28 U.S.C. § 1332(d) ......................................................................................... passim

28 U.S.C. § 1447(c)............................................................................................................... 8

Cal. Penal Code § 638.50(b)................................................................................................. 1

Cal. Penal Code § 638.51(a)................................................................................................. 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This action involves a California citizen—Taliah Mirmalek ("Plaintiff")—suing a corporation headquartered in California and named after a California city—Los Angeles Times Communications LLC ("Defendant")—on behalf of a proposed class of predominantly California citizens for violations of a California law—the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 638.50(b), 638.51(a). This is as quintessential of a local controversy as it gets, and this matter belongs in California state court as such. Defendant nonetheless asserts that because "California is a large state with a fluctuating and migratory population" and "[e]ven a single non-citizen putative class member satisfies the statutory requirement for minimal diversity," this Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). Notice of Removal (ECF No. 1) ("NOR") ¶ 21. Defendant is wrong. While the Class Action Fairness Act of 2005 ("CAFA") opened the doors of the federal courts to *inter*state class actions, Congress allows—and in some cases, requires—"truly *intra*state class actions to be heard in state court." *See Adams v. West Marine Prods., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020) (emphasis in original). This action is one such intrastate class action that should be—indeed, must be—heard in state court.

*First*, this Court must remand this action to state court under the "mandatory home state exception." *See* 28 U.S.C. § 1332(d)(4)(B). Plaintiff seeks to represent a class of California residents, and the vast majority of persons residing in California are citizens as well, based on voting records. Moreover, the vast majority of Class Members are likely California citizens, as Defendant is a California-centered publication that caters to Californians. And, "[w]hile addresses are not the same as domicile, it constitutes some evidence of domicile, which is all that is needed for the Court to make a finding regarding the CAFA exception." *In re Scripps Health Data Sec. Breach Litig.*, 581 F. Supp. 3d 1225, 1231 (S.D. Cal. 2022). Thus, because it is likely that "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of" California, the Court *must* remand this action to California state court. 28 U.S.C. § 1332(d)(4)(B).

*Second*, under the "discretionary home state exception" (28 U.S.C. § 1332(d)(3)), this Court should exercise its discretion to remand this action to California state court. Certainly, at least one-third of the members of the proposed Class are California residents, and it is likely more members of the proposed Class are California citizens than citizens of any other state. Further, as noted above, this action was brought by a California Plaintiff against a California Defendant under a California law, and the harm of Defendant's actions was felt in California. Accordingly, California has the most distinct nexus to this action of any state. 28 U.S.C. § 1332(d)(3)(A)-(F). Accordingly, the Court should remand this action to California state court.

For the following reasons, Plaintiff's Motion to Remand should be granted, and this action should be remanded to the Superior Court of the State of California, County of Alameda.

### LEGAL STANDARD

"CAFA provides … that federal district courts shall have original jurisdiction over civil class actions where the matter in controversy exceeds five million dollars and 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Adams*, 958 F.3d at 1220 (quoting 28 U.S.C. § 1332(d)(2)). "Because a party bringing suit in its own State's courts might (seem to) enjoy … a home court advantage … federal diversity jurisdiction provides a neutral forum for parties from differing states." *Ehrman v. Cox Comms., Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019). Thus, "CAFA was intended to strongly favor federal jurisdiction over *inter*state class actions." *King v. Great Am. Chicken Corp, Inc.*, 903 F.3d 875, 878 (9th Cir. 2018) (emphasis added).

"Congress provided exceptions to CAFA jurisdiction, however, to truly *intra*state class actions to be heard in state court." *Adams*, 958 F.3d at 1220 (emphasis in original). "The home state exception accords two bases for remand: one mandatory and the other within the district court's discretion." *Id.* "Under the first, the district court 'shall' decline to exercise the jurisdiction where 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'" *Id.* (quoting 28 U.S.C. § 1332(d)(4)(B)). "Under the second, a district court 'may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction' when more than one-third of the putative class, and the primary defendants, are citizens of the state where the action was originally

filed." *Id.* (quoting 28 U.S.C. § 1332(d)(3)). Although findings regarding class members' citizenship "must be based on more than mere 'guesswork,' [the Ninth Circuit has] repeatedly cautioned that the burden of proof on a plaintiff 'should not be exceptionally difficult to bear.'" *Id.* at 1221 (citing *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883, 886) (9th Cir. 2013)).

## ARGUMENT

**I.    The Court Must Remand This Action Pursuant To The Mandatory Home State Exception (28 U.S.C. § 1332(d)(4)(B))**

Under the "mandatory home state exception," the district court "'shall' decline to exercise jurisdiction where 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'" *Adams*, 958 F.3d at 1220 (quoting 28 U.S.C. § 1332(d)(4)(B)). "To be a citizen of a state, a natural person must first be a citizen of the Unites States … [her] state citizenship is then determined by her state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "One's domicile is her permanent home—that is, where (i) she resides, (ii) with the intention to remain or to which she intends to return." *Adams*, 958 F.3d at 1221 (cleaned up). "At a minimum, a person's residence constitutes *some* evidence of domicile." *Id.* (emphasis in original).

"[CAFA] does not say that remand can be based simply on a plaintiff's allegations, when they are challenged by the defendant." *Mondragon*, 736 F.3d at 883. A district court makes factual finding regarding jurisdiction under a preponderance of the evidence standard." *Id.* However, the Ninth Circuit has noted that "[t]he burden of proof placed upon a plaintiff should not be exceptionally difficult to bear." *Id.* at 886.

This action meets the standards for mandatory remand. *First*, Defendant admits that it "is a citizen of California." NOR ¶ 18. *Second*, more than two-thirds of the proposed Class are California citizens. "While addresses are not the same as domicile, it constitutes some evidence of domicile, which is all that is needed for the Court to make a finding regarding the CAFA exception." *In re Scripps Health Data Sec. Breach Litig.*, 581 F. Supp. 3d 1225, 1231 (S.D. Cal. 2022).

Here, Plaintiff seeks to represent a class of "all California residents who accessed the Website in California and had their IP address collected by the Trackers." Compl. ¶ 94. Defendant asserts

minimal diversity exists because "California is a large state with a fluctuating and migratory population that includes millions of registered aliens, undocumented workers, students, military personnel, foreign diplomats, and people who temporarily reside in California for work," and at least one person from each of these groups accessed the Website while in California. NOR ¶¶ 21-27. However, even if some of these non-California citizens are Class Members, more than two-thirds of the proposed class are California citizens.

By way of example, as of February 2023, 26.7 million of the 39 million people living in California were eligible to vote.[1] To be eligible to vote, an individual must be (i) a United States citizen and a resident of California, (ii) 18 years or older on Election day, (iii) not currently serving a state or federal prison term for the conviction of a felony, and (iv) not currently found incompetent to vote by a court.[2] Importantly, for purposes of voting and taxes, the State of California defines residents as: (i) "Present in California for *other than* a temporary or transitory purpose" or (ii) "Domiciled in California, but outside California for a temporary or transitory purpose."[3] Surely, people who reside in California for reasons that *are not temporary* have "the intention to remain" in California. *Adams*, 958 F.3d at 1221. Thus, people who are "residents" for the purposes of paying taxes to the State of California and voting in California are "citizens" for the purposes of jurisdiction.

Accordingly, if 26.7 million of the 39 million people living in California are eligible to vote in California, then at a minimum, 68% of California's residents are citizens for the purposes of jurisdiction. This percentage does not include California residents between the ages of 0 and 17, who make up 9 million or 23% of the population, which would increase the number of California

---

[1] Mark Baldassare, Dean Bonner, Rachel Lawler, and Deja Thomas, *California's Likely Voters*, PUBLIC POLICY INSTITUTE OF CALIFORNIA (Jan. 2024), https://www.ppic.org/publication/californias-likely-voters/.

[2] *Who Can Vote In California*, CALIFORNIA SECRETARY OF STATE, https://www.sos.ca.gov/elections/voting-resources/voting-california/who-can-vote-california (last visited April 12, 2024).

[3] *Residents*, STATE OF CALIFORNIA FRANCHISE TAX BOARD, https://www.ftb.ca.gov/file/personal/residency-status/index.html (last visited April 12, 2014).

residents who are also citizens.[4]  Thus, it is likely at least 68% of the proposed Class is composed of California citizens, exceeding the two-thirds requirement.[5]

Further, although Defendant's newspaper/website has reach beyond California, Defendant predominately caters to a California audience.  Defendant's website includes California-specific sections such as "Californians Are Reading" and "California Living."[6]  Defendant also markets itself as providing "[n]ews from a West Coast perspective" on Twitter/X.[7]  And, to state the obvious, Defendant is the *Los Angeles* Times—not USA Today or another name tied to a more national audience.  Thus, it is likely at least two-thirds of the California residents who accessed Defendant's website are California citizens, because that is who Defendant predominately seeks to cater to.

## II.    The Court Should Exercise Its Discretion To Remand This Action Pursuant To The Discretionary Home State Exception (28 U.S.C. § 1332(d)(3))

In the alternative, under the "discretionary home state exception," "CAFA enunciates six factors for a district court to consider in deciding whether to decline jurisdiction." *Adams*, 958 F.3d at 1220-21.  The statute provides:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction … over a class action in which greater than one-third but less than two-thirds of the members of the proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—
>
> (A)    whether the claims asserted involve matters of national or interstate interest;
>
> (B)    whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C)    whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

---

[4]    *Demographics of California's Children*, KIDSDATA (Sept. 3, 2021), chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://rrnetwork.org/assets/general-files/Demographics-of-Californias-Children-Age-Groups-by-County.pdf.

[5]  "[T]wo-thirds actually translates into 66[.666  percent], not 67 percent." *King*, 903 F.3d at 879.

[6]  LOS ANGELES TIMES, https://www.latimes.com/.

[7]  LOS ANGELES TIMES, TWITTER, https://twitter.com/latimes.

(D)    whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E)    whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of states; and

(F)    whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other personas have been filed.

28 U.S.C. § 1332(d)(3). "The plaintiff need not satisfy all [six] factors; courts employ a balancing test, taking into consideration the totality of the circumstances." *Speed v. JMA Energy Co., LLC*, 872 F.3d 1122, 1128 (10th Cir. 2017) (cleaned up). Equally important, "[a] district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." *Adams*, 958 F.3d at 1221. Thus, the Court's decision may be based on reasonable inferences and a determination that it is "more likely than not" that the facts support remand. *See id.* at 1223 (holding "the district court reasonably inferred from the facts in evidence that it was more likely than not that more than one-third of class members were California citizens"). As set forth below, this action meets the standard for discretionary remand.

A.    **The Citizenship Requirements Are Satisfied**

The preliminary requirements concerning the citizenship of the defendant and class members are satisfied. As discussed above, Defendant admits that it "is a citizen of California." NOR ¶ 18. Further, the proposed Class includes "all California residents who accessed the Website in California and had their IP address collected by the Trackers." Compl. ¶ 94. In *Mora v. Block, Inc.*, 2024 WL 1311289, at *1 (C.D. Cal. March 27, 2024), the court similarly evaluated whether two classes, both of which included "all persons residing in California," should be remanded back to state court. The court reasoned that, "because [p]laintiffs are California citizens suing a California [d]efendant on behalf of California residents for violations of California law, it is likely that *at least* one-third of the proposed class members—if not more than two-third of the proposed Class—are California citizens." *Id.*, at *9 (internal citations omitted) (emphasis in original). Here, too, Plaintiff is a

California citizen suing a California Defendant on behalf of California residents for violations of California law. Thus it is likely that at least one-third of the proposed Class—if not more—is composed of California citizens.

### B. The Six Factors Under § 1332(d)(3) Support Remand

Each of the six factors in § 1332(d)(3) also support remand. *First*, this case does not involve matters of national or interstate interest because the alleged violation occurred in California and the claim arises solely under California state law. *See Chaisson v. University of Southern California*, 2023 WL 5747329, at *4 (C.D. Cal. Sept. 6, 2023) (because "all of the claims are governed by California law and arise out of alleged misconduct that took place exclusively in California," the claims "do not involve matters of national or interstate interest."); *Campbell v. Dean Martin Dr— Las Vegas, LLC*, 2015 WL 9294518, at *2 (D. Nev. Dec. 21, 2015) (here the alleged conduct occurred in Nevada and only Nevada laws were at issue, the dispute did "not raise any matters of national or interstate interest."); *Weider v. Verizon New York Inc.*, 2015 WL 3474102, at *2 (E.D.N.Y. June 2, 2015) (where plaintiffs' claims were governed by New York law, the matter was of local interest).

*Second*, the fact that Plaintiff only alleges a California state law claim further supports remand. *See Campbell*, 2015 WL 9294518, at *2 ("Each of Plaintiffs' claims in this case arises under Nevada law. Thus, this factor weighs in favor of remand."); *In re Fred Hutchinson Data Sec. Litig.*, 2024 WL 1240681, at *7 (W.D. Wash. March 22, 2024) (because "none of the causes of actions in this case involve another state's law, this factor favors remand.").

*Third*, as for the factor considering whether the class action has been pleaded in a manner that seeks to avoid federal jurisdiction, "[c]ourts have drawn diametrically opposed conclusions regarding the purpose of this factor." *Campbell*, 2015 WL 9294518, at *3. "Some courts have indicated that this factor was included in the § 1332(d)(3) analysis to grant some weight to a plaintiff's choice of forum." *Id.* "Other courts have viewed it as a safety mechanism to ensure that federal courts can hear cases of national importance even when plaintiffs attempt to exploit technicalities to ensure a state forum." *Id.* Either approach supports remand here—Plaintiff, a California citizen, has brought a claim under California law on behalf of predominately California

citizens. These are simply the facts, not an attempt to avoid federal jurisdiction. *Compare Mattingly v. Equal Energy*, 2011 WL 3320822, at *4 (N.D. Okla. Aug. 1, 2011) ("Nothing in the record indicates that Plaintiffs intentionally pleaded the case in a manner to avoid federal jurisdiction, and Defendants do not make such an allegation."); *with Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 406 (6th Cir. 2008) ("Because no colorable basis for dividing the claims has been identified by the plaintiffs other than to avoid clear purpose of CAFA, remand was not proper.").

*Fourth*, California clearly has a distinct nexus with Class Members, the alleged harm, and Defendant. All Class Members at least reside in California—and most are likely citizens of California—the alleged harm occurred in California where Class Members accessed the website and had a pen register installed on their browser, and Defendant is a citizen of California. *See Chaisson*, 2023 WL 5747329, at *5 ("[A]ll of the alleged misconduct and resulting injuries tool place in California, [Defendant] is based in Los Angeles, [and] more than one-third of the class members are citizens of California.").

*Fifth*, the number of class members who are California residents is "substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States." 28 U.S.C. § 1332(d)(3)(E). As noted above, 68% of people living in California are eligible to vote, meaning that the number of class members who are California residents is substantially larger than any other state. *See* Argument § I, *supra*.

*Sixth*, Plaintiff is unaware of any other class action asserting the same or similar claims on behalf of the same proposed Class against Defendant.

In sum, these factors all point in favor of remand. If the Court determines that the evidence is insufficient, Plaintiff asks for jurisdictional discovery and an opportunity to renew their motion to remand. *See* 28 U.S.C. § 1447(c) (courts must remand an action if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction.").

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant her motion to remand this action to the Superior Court of the State of California for the County of Alameda, California.

Dated: April 18, 2024

Respectfully submitted,

**BURSOR & FISHER, P.A**.

By: */s/ L. Timothy Fisher*
      L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Emily A. Horne (State Bar No. 347723)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
      ehorne@bursor.com

*Attorneys for Plaintiff*