# Objection To Proposed Class Action Settlement

**Mirmalek v. Los Angeles Times Communications, LLC**
Case No. 3:24-cv-01797-CRB
U.S. District Court, Northern District of California
Hon. Charles R. Breyer

**Objector:** Richard H Markuson
**Settlement Class Member:** Yes
**Address:** 419 Nasca Way  Sacramento, CA 95831
**Email/Phone:** rmarkuson@me.com



FILED

FEB 27 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## I. INTRODUCTION

I am a member of the proposed Settlement Class and respectfully object to final approval of the proposed settlement.

I have been a reader and subscriber to the Los Angeles Times since the 1960's and like most, am very concerned about surreptitious installation of software on my devices.

While the settlement creates the appearance of relief, in substance it:

- Provides only **nominal compensation** to class members (~$5);
- Allocates a **disproportionate share of the common fund to counsel** (one-third); and
- Fails to provide **meaningful prospective relief** addressing the alleged unlawful tracking.

Under Ninth Circuit precedent—particularly *In re Bluetooth*, *Briseño*, and *Roes*—the Court must apply "heightened scrutiny" to pre-certification class settlements. When that scrutiny is properly applied, this settlement raises serious red flags.

For the reasons below, the Court should deny final approval or require substantial modification.

## II. THE SETTLEMENT TRIGGERS MULTIPLE BLUETOOTH WARNING SIGNS

The Ninth Circuit has warned district courts to be "particularly vigilant" for signs that a settlement benefits counsel at the expense of the class. *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 947 (9th Cir. 2011).

Several Bluetooth concerns are present here.

### A. Disproportionate Fee Request

Class counsel intends to seek **one-third of the $3.85 million fund**.

Objection of Richard H Markuson
Mirmalek v. Los Angeles Times Communications LLC

While 25% is the Ninth Circuit's benchmark, upward departures require justification tied to the actual benefit achieved. *Bluetooth*, 654 F.3d at 942.

Here:

- Class members receive only about **$5 each**;
- There is **no meaningful injunctive relief**; and
- The litigation involves well-worn CIPA website tracking theories.

Courts in this District—including this Court—have repeatedly reduced fees where the class recovery is modest. A one-third fee under these circumstances risks confirming the Ninth Circuit's concern that class actions can devolve into "lawyer-driven litigation."

At minimum, the Court should require:

- A rigorous lodestar cross-check;
- Disclosure of the effective hourly rate; and
- Consideration of a fee closer to the 25% benchmark.

## B. The Settlement Appears Claims-Rate Sensitive but Fee-Insensitive

Although the fund is nominally common, the practical value to the class will depend heavily on participation. Yet the fee request appears **decoupled from the actual class benefit**, another Bluetooth concern.

The Ninth Circuit has emphasized that courts must look to the **real value delivered**, not merely the theoretical fund size. See *Briseño v. Henderson*, 998 F.3d 1014 (9th Cir. 2021).

If participation is low—as is common in privacy cases—the effective per-class-member benefit will be even smaller while counsel's fee remains fixed.

This asymmetry warrants careful scrutiny.

## III. THE $5 RECOVERY IS DE MINIMIS AND UNDERMINES CIPA'S PURPOSE

The settlement estimates roughly **$5 per class member**.

CIPA provides statutory damages precisely because privacy violations are difficult to monetize and are considered serious invasions. See Cal. Penal Code § 638.51.

A settlement that reduces alleged statutory privacy violations to a $5 payment risks:

- Weakening the deterrent purpose of CIPA;
- Signaling that undisclosed web tracking is a low-cost risk; and
- Providing only illusory relief to consumers.

2

Objection of Richard H Markuson
Mirmalek v. Los Angeles Times Communications LLC

The Ninth Circuit has cautioned that courts must ensure class settlements provide **real, not merely token, relief**. *Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1050 (9th Cir. 2019).

On the present record, the consideration to the class appears minimal relative to the statutory interests at stake.

## IV. THE MOST SERIOUS DEFECT: ABSENCE OF MEANINGFUL PROSPECTIVE RELIEF

The settlement's most significant flaw is what it does **not** do.

### A. No Clear Representation That the Challenged Tracking Has Stopped

The complaint alleges unlawful deployment of:

- TripleLift Tracker
- GumGum Tracker
- Audiencerate Tracker

Yet the notice materials do not clearly state:

- Whether these trackers have been removed;
- Whether their operation has been modified; or
- Whether similar technologies remain in place.

This omission is critical. Privacy settlements in this District routinely include meaningful prospective safeguards. Without them, the settlement risks being purely retrospective.

Judge Breyer has previously emphasized the importance of ensuring class settlements provide **actual forward-looking value**, not merely cash payments.

### B. No Consumer Remediation Guidance

Equally troubling, the settlement provides class members with **no instructions** regarding:

- How to determine whether tracking mechanisms remain active;
- Whether any persistent identifiers remain on their browsers; or
- How to remove such mechanisms.

Even if the trackers operate primarily via cookies or scripts, reasonable consumers reading this notice could believe their devices were directly affected. Providing no remediation guidance leaves class members without practical tools to protect their privacy going forward.

Courts in this Circuit have recognized that meaningful relief may include **transparency and corrective measures**, particularly in data privacy cases.

3

Objection of Richard H Markuson
Mirmalek v. Los Angeles Times Communications LLC

## C. Requested Injunctive Enhancements

Before granting approval, the Court should require, at minimum:

1. A clear, sworn representation regarding the current status of the challenged trackers;
2. Prospective commitments governing future use of similar tracking technologies; and
3. Plain-language consumer guidance explaining how users can:
    o check for relevant cookies or trackers, and
    o delete them.

Without these protections, the settlement does little to prevent recurrence of the alleged conduct.

## V. HEIGHTENED SCRUTINY IS ESPECIALLY WARRANTED HERE

Because this is a **pre-certification settlement**, the Court must apply "an even higher level of scrutiny." *Roes*, 944 F.3d at 1049.

Key concerns include:

- Minimal per-capita recovery;
- Significant fee request;
- Lack of robust injunctive relief; and
- The risk that the settlement primarily benefits counsel.

When viewed holistically, these factors counsel against final approval of the settlement in its current form.

## VI. CONCLUSION

For the foregoing reasons, I respectfully request that the Court:

- **Deny final approval**, or
- Require modifications that:
    o reduce or better justify attorneys' fees,
    o enhance the class recovery, and
    o add meaningful prospective and corrective privacy protections.

Objector does not intend to appear at the Final Approval Hearing and respectfully requests that the Court consider this written objection.

Dated: February 22, 2026
Respectfully submitted, Richard H Markuson

4



SACRAMENTO CA 957

24 FEB 2026  PM 4  L

FEB 27 2026

FOREVER

The Hon. Charles R. Breyer
San Francisco Courthouse, Courtroom 6
450 Golden Gate Ave.
San Francisco, CA 94102

94102-343322

Mirmalek v LA Times - Objection to Settlement

Mr. Richard H. Markuson
419 Nasca Way
Sacramento CA 95831
HFl124 0014z00001tZjuw