DANIEL OCHOA
General Delivery
North Hollywood, CA 91603
(323) 376-0706

nebashahoah@gmail.com

DANIEL OCHOA             , IN PRO PER

FILED

MAR 09 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALIAH MIRMALEK, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br><br>             vs.<br><br>LOS ANGELES TIMES COMMUNICATIONS LLC,<br><br>                                    Defendants. | ) Case No.: 3:24-cv-01797-CRB<br>)<br>) **MOTION TO INTERVENE AND TO**<br>) **TRANSFER VENUE PURSUANT TO FED.**<br>) **R. CIV. P. 24 AND 28 U.S.C. § 1404(a)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) DATE: 06/26/2026<br>) TIME: 10 AM<br>) DEPT: Courtroom 6, 17th Floor<br>) Hon. Charles R. Breyer |

Page 1

MOTION TO INTERVENE

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Daniel Ochoa ("Intervenor/Objector"), acting In Propria Persona, hereby moves this Court for an Order:

1. Intervening in the above-captioned matter as a matter of right pursuant to Fed. R. Civ. P. 24(a); and

2. Transferring Venue of this action to the United States District Court for the Central District of California, to be related to Ochoa v. The Superior Court of the State of California, Case No. 2:25-cv-09226-DOC-DSR, currently pending before the Honorable David O. Carter at the Edward R. Roybal Federal Building and United States Courthouse.

I. GROUNDS FOR INTERVENTION

Pursuant to Federal Rule of Civil Procedure 24(a)(2), a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest."

Intervenor is a Settlement Class Member whose substantive rights are being adjudicated by the proposed settlement. Intervenor's ability to protect his interests is not only "impaired" but effectively extinguished by the unconscionable release of liability contained in the proposed settlement. Because current Class Counsel is acting as a proponent of this deprivation, Intervenor's interests are not adequately represented.

II. GROUNDS FOR TRANSFER OF VENUE (28 U.S.C. § 1404)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

1. Venue is Proper in the Central District: The Defendant, Los Angeles Times Communications LLC, maintains its principal place of business in El Segundo, California, which is within the Central District. The vast majority of the evidence and witnesses regarding the implementation of the TripleLift, GumGum, and Audiencerate trackers are located therein.

MOTION TO INTERVENE

2. The Interest of Justice: Intervenor has a pending action in the Central District (Ochoa v. Superior Court, 2:25-cv-09226-DOC-DSR) which addresses the systemic failure of the state authorities to protect the citizenry from the exact tracking technologies at issue here. Transferring this matter to the Central District for coordination with the pending Ochoa action will forfend the "hindrance of the execution of the laws" as defined in 10 U.S.C. § 253.

3. Judicial Economy: The Honorable David O. Carter is already familiar with the underlying "tortious contortion" involving the Defendant's data practices and the state's failure to provide restorative justice. Centralizing these inquiries in the district where the Defendant is domiciled ensures that any judgment or oversight remains enforceable and meaningful.

III. CONCLUSION

To prevent the dispositive impairment of Intervenor's interests and to ensure the proper execution of the laws within the state where the Defendant resides, this Court should grant intervention and transfer this action to the Central District of California.

DATED: Mar 4, 2026

Daniel Ochoa

DANIEL OCHOA
In Pro Per

Page 3

MOTION TO INTERVENE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Ochoa,<br><br>                       Plaintiff(s)/Petitioner(s)<br><br>v.<br><br>Superior Court of California, et al.,<br><br>                       Defendant(s)/Respondent(s) | Case No.<br><br>          2:25-cv-09226-DOC (DTB)<br><br>**ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br><br>CIVIL RIGHTS, HABEAS, AND SOCIAL SECURITY |

The Court has reviewed the Request to Proceed Without Prepayment of Filing Fees (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that Plaintiff/Petitioner:

■ is not able to prepay the full filing fee.    ☐ is able to prepay the full filing fee.

☐ has not submitted enough information for the Court to tell if Plaintiff/Petitioner is able to prepay the full filing fee. This is what is missing:

    ☐ a certified copy of a trust fund statement for the last six months. *N/A to prisoners at CDCR facilities in the C.D. Cal*

    ☐ other:_____

### *PRISONER NON-HABEAS CASES*

**IT IS THEREFORE ORDERED** that:

☐ The Request is **GRANTED. Plaintiff now owes the Court the total filing fee of $350.00.** An initial partial filing fee of $_____ is due within 30 days. Thereafter, monthly payments must be forwarded to the Court as provided in 28 U.S.C. §1915(b)(2). This case may be dismissed if Plaintiff fails to timely make any of the required payments.

   ☐ Ruling on the request is POSTPONED for 30 days so that Plaintiff has the opportunity to provide:

      ☐ the missing information identified above.

      ☐ authorization to disburse funds from the prison trust account.

If Plaintiff does not provide the information or authorization within 30 days, this case may be dismissed.

### *HABEAS PETITIONS*

**IT IS THEREFORE ORDERED** that:

■ The request is **GRANTED**.

☐ Ruling on the request is POSTPONED for 30 days so that Petitioner may provide additional information.

### *NON-PRISONER/NON-HABEAS CASES*

**IT IS THEREFORE ORDERED** that:

☐ The request is **GRANTED**.

☐ Ruling on the request is POSTPONED for 30 days so that the Plaintiff may provide additional information.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of this Order, Plaintiff/Petitioner must do the following:

|  |
|---|
|  |

If Plaintiff/Petitioner does not provide the information or authorization within 30 days, this case may be dismissed.

Dated:    October 14, 2025              By: _____

                                        HON. DAVID T. BRISTOW
                                        UNITED STATES MAGISTRATE JUDGE