DANIEL OCHOA
General Delivery
North Hollywood, CA 91603
(323) 376-0706

nebashahoah@gmail.com

DANIEL OCHOA                    , IN PRO PER

FILED

MAR 09 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

TALIAH MIRMALEK, individually and on
behalf of all others similarly situated,

                          Plaintiffs,

            vs.

LOS ANGELES TIMES COMMUNICATIONS
LLC,

                          Defendants.

)   Case No.: 3:24-cv-01797-CRB
)
)
) **OBJECTION TO PROPOSED CLASS**
) **ACTION SETTLEMENT AND NOTICE**
) **OF INTENT TO APPEAR REMOTELY**
)
)
)
)
)
)
)
)   DATE: 06/26/2026
)   TIME: 10 AM
)   DEPT: Courtroom 6, 17th Floor
)   Hon. Charles R. Breyer

Page 1

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

**TO THE HONORABLE COURT, CLASS COUNSEL, AND DEFENSE COUNSEL:**

PLEASE TAKE NOTICE that Daniel Ochoa ("Objector"), acting *In Propria Persona*, hereby formally objects to the Proposed Class Action Settlement in the above-captioned matter and provides notice of his intent to appear remotely at the Final Approval Hearing.

Objector is a verified Settlement Class Member (Class Member ID: 83287V3B22H89) who accessed the Los Angeles Times online under the subscriber handles "nebashahoah" and "nebashahoah1" during the class period, and whose privacy rights under the California Invasion of Privacy Act (CIPA) were allegedly violated by Defendant's unauthorized use of the TripleLift, GumGum, and Audiencerate trackers.

Respectfully submitted,

**Dated:** March 4, 2026

Daniel Ochoa

**Daniel Ochoa**
(*In Propria Persona*)

General Delivery
North Hollywood, CA 91603
(323) 376-0706
nebashahoah@gmail.com

Page 2

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ............................................................................................ 2

**MEMORANDUM OF POINTS AND AUTHORITIES** ......................................................... 2

**PARTIDA I:** Concerning the Accident Fallacy and the Inadequacy of Monetary Relief ................................. 2

**PARTIDA II:** Concerning the Scope of the Release and Chartered Insurrection ........................................... 2

**PARTIDA III:** Concerning the Misclassification and Contortion of Law ........................................................ 4

**PARTIDA IV:** Concerning the Inadequacy of Representation ..................................................................... 4

**PARTIDA V:** Concerning the Effectuation of Joinder and Propounding of Interrogatories ........................... 5

**PARTIDA VI:** Concerning the Notice of Intent to Appear Remotely ............................................................ 5

**PARTIDA VII:** Concerning the Definition of Insurrection and Interference with Law .................................... 6

**CONCLUSION AND PRAYER FOR RELIEF** .................................................................... 6

**DECLARATIONS FOR THE RECORD AT FINAL APPROVAL HEARING** ......................... 9

**TABLE OF AUTHORITIES**

**Cases** *Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974) ................................................................ 2

**Constitutional Provisions** U.S. Const. amend. IV ................................................................... 2, 8

Cal. Const. art. I, § ......................................................................................................... 2, 8

**Statutes**

10 U.S.C. § 253 ........................................................................................................... 7, 8

18 U.S.C. § 242 ............................................................................................................... 2

42 U.S.C. § 1307 ............................................................................................................. 2

Cal. Penal Code § 638.51(a) ............................................................................................ 2

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................................................ 5

Fed. R. Civ. P. 23(a)(4) ........................................................................................................ 4, 8

Fed. R. Civ. P. 23(b)(1)(B) .................................................................................................... 5, 8

Fed. R. Civ. P. 23(e)(2) ......................................................................................................... 2, 8

**Other Authorities** *10 Facts: Philadelphia Campaign*, Am. Battlefield Tr.,

https://www.battlefields.org/learn/articles/10-facts-philadelphia-campaign ................................................ 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PARTIDA I: Concerning the Accident Fallacy and the Inadequacy of Monetary Relief**

The proposed Settlement Fund of $3,850,000 creates a profound structural inequity by treating a fundamental violation of privacy rights as a mere financial inconvenience. This relies upon an *accident fallacy*—reducing a severe deprivation of rights to an estimated, nominal payout of $5.00 per Class Member. The underlying injury in this matter is not merely financial; it is a profound breach of statutory and constitutional boundaries.

The unauthorized use of tracking technologies to covertly seize and commodify a citizen's digital footprint touches upon the core protections of the California Invasion of Privacy Act (CIPA), the foundational principles of the Fourth Amendment (protection against unreasonable search and seizure), and the spirit of both 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law) and 42 U.S.C. § 1307 (Defrauding the Public Health and Welfare). To commodify these fundamental rights for $5.00 fails entirely to correct the underlying *tuerto* (contortion).

**PARTIDA II: Concerning the Scope of the Release and Chartered Insurrection**

In exchange for this negligible payout, Class Members are expected to release Defendant from any and all claims relating to the alleged disclosure of their information to third parties. This is an egregious condition that fundamentally ignores the gravity of the Defendant's actions.

Page 4

To understand the danger of granting such a release, we must first look to the premise established when a high court rules erroneously, even against the spirit of its own constitution. In *Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974), the Supreme Court allowed a state-entangled monopoly to unilaterally sever a citizen's access to life-sustaining electricity without Due Process, simply because the entity was nominally "private." That erroneous ruling created a dangerous loophole, legally shielding corporate proxies when they bypass constitutional protections.

However, we do not require abstract legal tests to prove the ultimate danger of allowing a massive, chartered entity to bypass the law for its own business interests. The mathematical proof of this damage is written into the very foundation of the United States. During the winter of 1777-1778, the Continental Congress was forced to seek refuge in York, Pennsylvania, where Jackson would live centuries later, while thousands of American soldiers froze and starved to death at Valley Forge. *See generally 10 Facts: Philadelphia Campaign*, Am. Battlefield Tr., https://www.battlefields.org/learn/articles/10-facts-philadelphia-campaign (last visited Feb. 24, 2026).

This catastrophe occurred because actors on the part of a multinational business conglomerate, provisioned by an English charter, unilaterally commandeered the provisions of the land under their own terms. When private corporate interests overthrow the established law to serve their own ends, people die. That is the literal math of insurrection.

The California Constitution explicitly guarantees that all citizens have inalienable rights, including "enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety and happiness." Cal. Const. art. I, § 1. When a multinational corporate entity like the Los Angeles Times covertly extracts and utilizes a citizen's personal property (digital information), completely bypassing the absolute prerequisite of Due Process, it is repeating this exact form of chartered insurrection. As a proxy to the municipal authority, the Defendant maintains the ability to disseminate this covertly extracted information to law enforcement, where it may be remade and repurposed to damage the citizenry. It is a direct deprivation of rights under color of law. Granting this conglomerate blanket immunity for systemic

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

constitutional violations in exchange for nominal compensation is an unconscionable bargain and a direct threat to the public welfare. *See* Fed. R. Civ. P. 23(e)(2).

**PARTIDA III: Concerning the Misclassification and Contortion of Law**

The structural inequity of this Settlement is further compounded by the misclassification of the underlying cause of action. The proceedings rely on a Nature of Suit classification of 190 ("Other Contract Action"—primarily based on rights and obligations under a contract not classifiable elsewhere). This arbitrary designation is a direct contortion of constitutional law using business contracts.

By framing a systemic and unconstitutional invasion of privacy as a mere contractual dispute over website terms of service, the Defendant and Class Counsel actively obscure the severity of the *tuerto* (tort). This strategic misclassification effectively uses contract law to insulate against profound constitutional violations. Because governments and their municipal-corporate proxies derive their just powers solely from the *consent of the governed*, extracting data without that consent and covering it up with a business contract is an act of insurrection against the foundational rights of the citizenry. It echoes the prohibitions against the Deprivation of Rights found within Title 18 of the United States Code, attempting to contract away unalienable liberties under the guise of an "Other Contract Action."

**PARTIDA IV: Concerning the Inadequacy of Representation**

Federal Rule of Civil Procedure 23(a)(4) requires that the representative parties will fairly and adequately protect the interests of the class. The current Class Representative, Taliah Mirmalek, and Class Counsel have flagrantly failed this mandate.

By agreeing to an asymmetrical settlement that mitigates Defendant's legal risk and guarantees an exorbitant windfall for counsel while offering an illusion of relief to the Class, they have demonstrated a severe misalignment of interests. This settlement serves to formally insulate a municipal proxy from constitutional scrutiny without providing actual restorative justice to the subscribers. The Objector stands ready and willing to step forward to ensure the Class is adequately and aggressively represented.

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

**PARTIDA V: Concerning the Effectuation of Joinder and Propounding of Interrogatories**

Objector does not concede to being a passive member of this settlement class bound by its unconscionable release. Invoking the explicit provisions of Federal Rule of Civil Procedure 23(a), which establishes that members of a class "may sue or be sued," Objector intends to exercise this standing offensively.

Because the actions of the Defendant represent a systemic municipal-corporate contortion of law, Objector intends to effectuate a joinder of his active litigation (Case No. 2:25-cv-09226-DOC-DSR) to this matter.

Furthermore, Federal Rule of Civil Procedure 23(b)(1)(B) governs class actions where "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Finalizing this settlement would serve as exactly such an impairment, acting as a dispositive bar against Objector's ongoing litigation and substantially impeding his ability to protect his constitutional interests.

To prevent this impairment, and to establish the precise nature of the relationship between the Class Representative, her institutional affiliations, the City of Los Angeles, and the Defendant, Objector intends to propound interrogatories to the parties. This necessary discovery will ensure the strict demands of Due Process are met before any release of liability is summarily granted by this Court.

**PARTIDA VI: Concerning the Notice of Intent to Appear Remotely**

Objector hereby gives notice of his intent to appear remotely at the Final Approval Hearing scheduled for June 26, 2026, at 10:00 a.m. PT via Zoom before the Honorable Charles R. Breyer. This intent to appear remotely is provided to ensure that the Objector may exercise his right to be heard on the record without the geographical barriers that would otherwise impede the defense of his constitutional interests.

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

**PARTIDA VII: Concerning the Definition of Insurrection and Interference with Law**

The systematic bypass of constitutional protections through collusive settlement is more than a procedural error; it is a hindrance to the execution of the laws that protect the citizenry. Under 10 U.S.C. § 253, insurrection is defined as any action that:

"(1) so hinders the execution of the laws of that State, and of the United States within the State, that any part or class of its people is deprived of a right, privilege, immunity, or protection named in the Constitution and secured by law, and the constituted authorities of that State are unable, fail, or refuse to protect that right, privilege, or immunity, or to give that protection."

By facilitating a release of liability for systemic Fourth Amendment and CIPA violations without restorative justice or adversarial discovery, the proposed settlement effectively hinders the execution of the laws of California and the United States. It creates a state of interference where a class of people is deprived of constitutional protections while the constituted authorities—represented here by the appointed Class Representative and Counsel—fail to protect those rights. This Court must recognize that such a contortion of law constitutes a direct interference with federal and state statutory mandates.

**CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Objector respectfully requests that the Court:

1. **DENY** Final Approval of the Proposed Settlement pursuant to **Fed. R. Civ. P. 23(e)(2)**, as the proposed terms are neither fair, reasonable, nor adequate in light of the systemic constitutional deprivations described herein;

2. **REJECT** the requested award for attorneys' fees under **Fed. R. Civ. P. 23(e)(2)**, as such an award constitutes a disproportionate windfall that prioritizes the interests of counsel over the protection of the class;

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

3. RE-EVALUATE the adequacy of the current Class Representative and Class Counsel pursuant to Fed. R. Civ. P. 23(a)(4), on the grounds that they have failed to protect the interests of the class and have facilitated a deprivation of rights;

4. STAY any final adjudication under Fed. R. Civ. P. 23(b)(1)(B) to prevent the dispositive impairment of Objector's individual interests and to forfend further hindrance of the execution of law as defined in 10 U.S.C. § 253; and

5. GRANT such other and further relief as the Court deems just and proper to defend the inalienable rights and liberties secured by Cal. Const. art. I, § 1 and the U.S. Const. amend. IV.

DATED: Mar 4, 2026

DANIEL OCHOA
In Pro Per

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

DECLARATIONS FOR THE RECORD AT FINAL APPROVAL HEARING

I, Daniel Ochoa, Objector and Settlement Class Member, hereby declare the following for the record before this Honorable Court:

1. I declare that my participation in this proceeding is not a passive acceptance of a nominal settlement, but a defense of inalienable rights secured by the California and United States Constitutions.

2. I declare that the injury in this matter is a "tortious contortion" of the law, where private corporate interests have bypassed judicial oversight to covertly seize the digital property of citizens without the consent of the governed.

3. I declare that the proposed $5.00 payout is a mathematical insult to the gravity of this deprivation, serving only to license a chartered insurrection against the constitutional protections of the citizenry.

4. I declare that when a high court—as seen historically in York, Pennsylvania, and in the erroneous precedent of Jackson v. Metropolitan Edison Co.—fails to uphold the absolute prerequisite of Due Process, the resulting hindrance of law constitutes a direct interference with the safety and happiness of the people.

5. I declare that I stand ready to propound interrogatories to the Defendant and the Class Representative to expose the extent of this municipal-corporate nexus and the dissemination of our private information to law enforcement.

6. I declare that I am here to ensure that the "DNA of the function" of our legal system—the requirement of notice and hearing before deprivation—is not sold for a nominal sum to immunize systemic constitutional violations.

Executed on March 4, 2026, at Los Angeles, CA.

DATED:  Mar 4, 2026

_Daniel Ochoa_
DANIEL OCHOA
In Pro Per

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT