**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TALIAH MIRMALEK, on behalf of herself and all others similarly situated, | Case No. 3:24-cv-01797-CRB |
| Plaintiff, | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| LOS ANGELES TIMES COMMUNICATIONS LLC, | Hon. Charles R. Breyer |
| Defendant. | |

WHEREAS, pursuant to Fed. R. Civ. P. 23(a), 23(b)(3), and 23(e), the Parties seek entry of an Order Granting Final Approval of the Settlement fully executed on October 13, 2025 (ECF No. 45-2) (the "Settlement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed Settlement of the Action and dismissal of the Action with prejudice;

WHEREAS, the Court granted preliminary approval of the Settlement on December 16, 2025; and

WHEREAS, the Court has read and considered the Settlement and its exhibits, and Plaintiffs' Motion for Final Approval of Class Action Settlement;

**IT IS HEREBY ORDERED** as follows:

1. Defined Terms. This Order incorporates by reference the definitions in the Settlement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. Class Certification for Settlement Purposes Only: The Court finds, solely for purposes of the Settlement, that the Rule 23 criteria for certification of the Settlement Class exists in that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (iii) the claims of the Settlement Class Representative are typical of the claims of the Settlement Class; (iv) the Class Representative and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (v) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

3. Class Definition: Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court certifies, solely for purposes of effectuating the Settlement, the following Settlement Class: all persons who accessed LA Times online via website or mobile app in California and had their information collected by tracking technologies between January 31, 2023 to December 19, 2025. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and

their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly executed and filed a timely request for exclusion from the class, the list of which is attached to the June 4, 2026 Declaration of Carla Peak; and (4) the legal representatives, successors or assigns of any such excluded persons.

4.     Class Representatives and Class Counsel: The Court appoints Bursor & Fisher, P.A. as Class Counsel for the Settlement Class.  The Court appoints Taliah Mirmalek as the Class Representative.

5.     Class Notice: Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class Members of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, Due Process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto. The record establishes that the Settlement Administrator served the required notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, with the documentation required by 28 U.S.C. §§ 1715(b)(1-8).

6.     Approval of the Settlement: The Court finds that the requirements of Rule 23(e) of the Federal Rule of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied, and the Court approves the settlement of this Action as memorialized in the Settlement Agreement as being fair, just reasonable and adequate to the Settlement Class Members. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class Members without the risks, burdens, costs or delays associated with continued litigation, trial and/or appeal.  The Settlement is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

7.     The Court has considered and finds Class Counsel and the Class Representative have adequately represented the Settlement Class Members.  Plaintiff, by and through her

counsel, has investigated the pertinent facts and law, and has evaluated the risks associated with continued litigation, class certification, trial, and/or appeal.  The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel.

8.    The Court finds that the Settlement is effective in appropriately distributing relief to the Settlement Class in light of the claims and defenses asserted, that the method of processing Settlement Class Member claims is reasonable and appropriate, and that the Settlement treats all Settlement Class Members equitably relative to each other.

9.    The Court has evaluated this overall reaction of the Class to the Settlement and finds that the overall acceptance of the Settlement by Settlement Class Members supports the Court's conclusion that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

10.    The Court notes there are five (5) objections to the Settlement.  The Court has considered each objection and finds each to be without merit.  Accordingly, the Court overrules each of the objections.

11.    Disbursement of Settlement Fund: The Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions. The parties are authorized to disburse funds from the Settlement Fund in accordance with the terms and conditions of the Settlement Agreement.

12.    Settlement Administrator: Kroll Settlement Administration LLC ("Kroll") is finally appointed to continue to serve as the Settlement Administrator.   The Settlement Administrator is directed to process all Claim Forms in accordance with the Settlement Agreement.   Class Counsel and Counsel for Defendant are hereby authorized to employ all reasonable procedures in connection with administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement.

13.    Settlement Administration Expenses: The Court authorizes the payment of the Settlement Administration Expenses from the Settlement Fund pursuant to Paragraphs 1.26 and 1.30 of the Settlement.

14. Attorneys' Fees, Costs and Expenses: Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel total attorneys' fees, costs, and expenses in the amount of $989,433.86 $982,700.40.

15. Service Awards: The Court awards $5,000 to Plaintiff as a service award for her participation in this matter.

16. Dismissal: The Action is hereby dismissed with prejudice and without costs as against Defendant and the Released Parties.

17. Releases: Plaintiff and all Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) and all persons acting on behalf of or in concert with any of the above, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released Claims against any of the Released Parties.

18. Retaining Jurisdiction. This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Class, and for any other necessary purpose. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

19. Schedule for Distribution of the Settlement Fund. The Court hereby enters the following schedule for the administration of the Settlement:

| Event | Proposed Deadline |
| --- | --- |
| Payment of Class Counsel's Attorneys' Fees, Costs, and Expenses | July 6, 2026 [10 days after entry of Final Judgment] |
| Effective Date | August 6, 2026[1] |
| Payment of Service Awards | September 8, 2026 |
| Defendant to Pay the Settlement Fund Into the Escrow Account | November 4, 2026 [131 days after entry of Final Judgment and Final Approval Order[2]] |
| Deadline to Pay Settlement Class Members with Approved Claims | February 2, 2027 |
| Last Possible Date for Expiration of Settlement Checks | August 2, 2027 |

[1] This assumes that no appeal is filed.

[2] This assumes that no appeal is filed.

| Event | Proposed Deadline |
|---|---|
| Distribution of Uncashed Settlement Checks to Settlement Class Members With Approved Claims, Or To *Cy Pres* | August 16, 2027 |
| Post-Distribution Accounting | August 23, ~~2026~~ 2027 |

**IT IS SO ORDERED.**

Date:   June 26, 2026

_____
HON. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE